UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

DEUTSCHE BANK TRUST COMPANY AMERICAS,
in its capacity as successor indenture trustee for certain
series of Senior Notes, *et al.*,

                        Plaintiffs,

                 vs.

ABU DHABI INVESTMENT AUTHORITY,
*et al.*,

                      Defendants.

-------------------------------------------------------------------------x

No. 11 Civ. 4522 (RJH)

### DECLARATION OF JEFFREY C. FOURMAUX PURSUANT TO LOCAL CIVIL RULE 6.1(d)

JEFFREY C. FOURMAUX, pursuant to 28 U.S.C. § 1746, declares:

1.     I am a member of the bar of this Court and an associate of Friedman Kaplan Seiler & Adelman LLP, counsel to Plaintiffs in this action.  I submit this declaration pursuant to Local Civil Rule 6.1(d) in connection with Plaintiffs' *Ex Parte* Application for Appointment Pursuant to Rule 4(c)(3) of Process Server to Effect Service under the Hague Convention (the "Application").

2.     By the Application, plaintiffs seek entry of an order, pursuant to Federal Rule of Civil Procedure 4(c)(3), specially appointing Crowe Foreign Services of Portland, Oregon ("Crowe") to effect service of the Summons and First Amended Complaint on defendant INKA mbH a/k/a Internationale Kapitalanlagegesellschaft mbH a/k/a HSBC INKA ("INKA") in Germany under the Hague Convention on the Service Abroad of Judicial and Extrajudicial

Documents in Civil or Commercial Matters ("Hague Convention").  The reasons for the

Application are as follows:

      (a)    Defendant INKA is a German investment company with

headquarters in Dusseldorf, Germany.

      (b)    Plaintiffs wish to effect service of the Summons and First

Amended Complaint upon INKA in Germany pursuant to the Hague Convention.

For this purpose, plaintiffs wish to utilize a professional process serving firm with

experience in dealing with the German central authorities, and have identified

Crowe as a firm that appears to have such experience.

      (c)    Under chapter 1, article 3 of the Hague Convention, a request for

service to foreign central authority must be made by a competent "authority or

judicial officer." *See* Affidavit of Celeste Ingalls in Support of Motion for Order

Appointing International Process Server, submitted herewith, at 2.  As this

provision has been interpreted by German courts, the German central authorities

will not accept requests for service by persons in the United States other than a

U.S. court or a person specially appointed by a U.S. court. *See id*.  Accordingly,

Plaintiffs seek such an order specially appointing Crowe for the purpose of

requesting service on INKA by the applicable German central authority.

3.    Plaintiffs submit that there are good and sufficient reasons for proceeding with the

Application other than by motion on notice, namely:

      (a)    The requested relief is of a ministerial or administrative nature, for

which there appears to be no competent ground to oppose and which cannot cause

defendants prejudice.

(b)     Plaintiffs do not expect that any defendant would file opposing affidavits or answering memoranda were plaintiffs to proceed by notice of motion notifying them they must serve any opposing affidavits and answering memoranda within fourteen days of service.

(c)     Proceeding by notice of motion would likely simply delay by at least 21 days—that being the required minimum period for a return date for a motion on notice under Local Civil Rule 6.1(b)—what plaintiffs expect will already be a lengthy process for completing service under the Hague Convention in Germany.

4.     No prior application has been made for the relief requested in the Application.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 23, 2011.

_____
Jeffrey C. Fourmaux