USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
IN RE: TRIBUNE COMPANY        :   Consolidated Multidistrict Litigation
FRAUDULENT CONVEYANCE         :   11 MD 2296 (WHP)
LITIGATION                    :   12 MC 2296 (WHP)
------------------------------:
                              :   MASTER CASE ORDER No. 2
THIS DOCUMENT RELATES TO:     :
ALL MATTERS                   :
                              :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

　　By Order dated March 20, 2012, the United States Judicial Panel on Multidistrict Litigation (the "Panel") transferred an adversary proceeding from the United States Bankruptcy Court for the District of Delaware, captioned <u>Official Committee of Unsecured Creditors of Tribune Company, et al. v. FitzSimons, et al.</u>, Adv. Proc. 10-54010 (KJC), to this Court (No. 12 Civ. 2652) for inclusion in these coordinated and consolidated pretrial proceedings. (11 MD 2296, ECF No. 692.) Accordingly, this Court orders the following:

　　1.　　The Clerk of the Court (the "Clerk") is directed to transfer docket entry ECF No. 692 (Order Lifting Stay of Conditional Transfer Order) from 11 MD 2296 to the master case file bearing docket number 12 MC 2296 and number it ECF No. 18 on 12 MC 2296.

　　2.　　The Clerk is directed to docket this Master Case Order No. 2 as ECF No. 19 on 12 MC 2296, and docket it on 11 MD 2296 and on all of the consolidated actions.

　　3.　　<u>Interim Lead Plaintiffs</u>: The Clerk is directed to add the following plaintiff to the master case file: Official Committee of Unsecured Creditors of Tribune Company *on behalf of Tribune Company, et al.* (the "Unsecured Creditors Committee"). Accordingly, the docket sheet

of 12 MC 2296 should list only the following plaintiffs: (i) Deutsche Bank Trust Company Americas, *individually and in its capacity as successor indenture trustee for certain series of Senior Notes,* (ii) Law Debenture Trust Company of New York, *individually and in its capacity as successor indenture trustee for certain series of Senior Notes,* (iii) Wilmington Trust Company, *individually and in its capacity as successor indenture trustee for the Phones Notes,* (iv) William A. Niese, *on behalf of a Putative Class of Tribune Company Retirees,* and (v) Official Committee of Unsecured Creditors of Tribune Company *on behalf of Tribune Company, et al.*

4. <u>Interim Liaison Counsel for the Unsecured Creditors Committee</u>: This Court appoints Zuckerman Spaeder LLP ("Zuckerman Spaeder") as interim liaison counsel for the Unsecured Creditors Committee. Together with the other interim liaison counsel appointed for plaintiffs, Zuckerman Spaeder will be referred to as "plaintiffs' interim co-liaison counsel." Plaintiffs' interim co-liaison counsel are authorized to receive orders and notices from the Court on behalf of all parties and shall be responsible for the preparation and transmittal of copies of such orders and notices to all parties. Plaintiffs' interim co-liaison counsel are further authorized to receive orders and notices from the Panel on behalf of all parties and shall be responsible for the preparation and transmittal of copies of such orders and notices to all parties. Unless otherwise ordered by this Court, plaintiffs' interim co-liaison counsel may rely on the electronic court filing ("ECF") system to serve parties with orders and notices. The Clerk is directed to assist plaintiffs' interim co-liaison counsel in identifying those parties who do not yet receive ECF notification. Plaintiffs' interim co-liaison counsel are directed to provide the Clerk with any e-mail addresses for parties not currently enrolled for ECF notification so that they may be

enrolled.

5.      The Clerk is directed to note the following appearances for the Unsecured Creditors Committee, and no others, on 12 MC 2296:

> James S. Sottile
> Zuckerman Spaeder LLP
> 1135 Avenue of the Americas, 31st Floor
> New York, NY 10036
>
> Daniel B. Rath
> Landis Rath & Cobb LLP
> 919 Market Street, Suite 1800
> Wilmington, DE 19801

6.      The Clerk is directed to withdraw and strike the following appearance on 12 MC 2296 for plaintiff William A. Niese, *on behalf of a Putative Class of Tribune Company Retirees*:

> Mary C. Dunn
> Blish & Cavanagh
> 30 Exchange Terrace
> Providence, RI 02903

7.      The Clerk is directed to add the following appearance on 12 MC 2296 for defendant Mario J. Gabelli, *on behalf of A Putative Class of Former Tribune Company Shareholders*:

> Andrew J. Entwistle
> Entwistle & Cappucci LLP
> 280 Park Avenue, 26th Floor West
> New York, NY 10017

8.      No other parties or appearances by counsel are to be listed on the master case file 12 MC 2296 without the express authorization of this Court. In accord with this paragraph and paragraphs 4, 6, 8, and 10 of Master Case Order No. 1, dated February 23, 2012, the Clerk is directed to strike defendants "Esq. Peter Anthony Umoff," John Mason Sanford, and NBLN Limited Partnership, and the corresponding appearances and filings by their counsel (ECF Nos.

11 (Notice of Appearance), 14 (Notice of Appearance), 15 (Notice of Appearance), 16 (Rule 7.1 Corporate Disclosure Statement)) from 12 MC 2296.

9. All pending motions for substitution of counsel are granted. Notwithstanding the stay, parties may make motions to substitute counsel, and all such motions shall be docketed only on 11 MD 2296 and the relevant related actions and shall include a proposed order. Any party submitting a motion for substitution of counsel is directed to send a courtesy copy of the proposed order to chambers.

10. No defendant has opposed Plaintiffs' Omnibus Motion to Enlarge the Time for Service of Summonses and Complaints. Accordingly, Plaintiffs' motion is granted. The time under Fed R. Civ. P. 4(m) for Plaintiffs to serve all summonses and complaints (as they have been or may be amended from time to time, subject to and in accordance with Fed R. Civ. P. 15 and 21) in all actions, and the time period referenced in Fed R. Civ. P. 15(c)(1)(C), is enlarged through and including August 31, 2012, retroactive to March 29, 2012. With respect to defendants who may be added as defendants or changed through amendments in any action on or after March 29, 2012, including defendants within the putative defendant classes who Plaintiffs determine should be individually named, the time under Fed R. Civ. P. 4(m) for Plaintiffs to serve the summonses and complaints (as they have been or may be amended from time to time, subject to and in accordance with Fed R. Civ. P. 15 and 21), and the time period referenced in Fed R. Civ. P. 15(c)(1)(C), shall expire no earlier than August 31, 2012.

11. This Court will hold an initial pretrial conference with all interim liaison counsel on July 10, 2012 at 11:30 a.m. to discuss, <u>inter alia</u>, Defendants' co-interim liaison counsel's proposed organizational structure, a preliminary case management schedule, including a

schedule for any motions to dismiss, the continuance of the stay, and any other issues counsel wish to raise.

12. Notwithstanding Bankruptcy Judge Kevin J. Carey's Order Partially Lifting Stay of Adversary Proceedings and State Law Fraudulent Conveyance Actions, dated March 15, 2012, this multidistrict litigation and all consolidated actions remain stayed in all other respects.

Dated: June 5, 2012
      New York, New York

                              SO ORDERED:

                              WILLIAM H. PAULEY III
                              U.S.D.J.

*All Counsel of Record.*